UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CONNIE JOAN RAY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 4:13-CR-31-HSM-CHS-1 |
| | ) | 4:16-CV-6-HSM |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 42]. She bases her request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on February 12, 2006 [Doc. 47]. Petitioner also requests "leave to proceed *in forma pauperis*" [Doc. 43] and "immediate release" [Doc. 44]. Petitioner's § 2255 petition [Doc. 42] will be **DENIED** and **DISMISSED WITH PREJUDICE**; her remaining requests [Docs. 43, 44] will be **DENIED as moot.**

I.  **BACKGROUND**

On September 25, 2013, Petitioner was indicted by a federal grand jury in the Eastern District of Tennessee and charged with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. On December 23, 2013, she pled guilty as charged pursuant to a Notice of Intent to Plead Guilty and written Factual Basis [Docs. 16, 18–22].

Faced with the foregoing information, the United States Probation Office promulgated an advisory guideline range of 57 to 71 months based on a total offense level of 25 and criminal

history category of I [Presentence Investigation Report ("PSR") ¶ 60]. Petitioner's total offense level was derived from cross-references to Guideline Sections 2K2.1(c)(1)(A) and 2D.1.1 for unlawful distribution of methamphetamine and conspiracy to commit the same, and a two-level enhancement under Guideline Section 2D1.1(b)(1) for possession of a dangerous weapon [*Id.* ¶¶ 13–14]. The PSR also suggested an upward variance due to: (1) the significant number of prior felonies excluded from Petitioner's criminal history calculation; (2) two qualifying predicates for Armed Career Criminal status, and two convictions for felony escape that could have been but for lack of information; (3) Petitioner's admission to selling methamphetamine for as long as she could remember; and (4) the fact that Petitioner's criminal history category of I underrepresented her likelihood of recidivism [*Id.* ¶ 74]. Petitioner requested a downward variance [Docs. 24, 27].

On May 19, 2014, the Court sentenced Petitioner to 53 months' imprisonment—four months below the bottom of her advisory guideline range [Doc. 31]. No appeal was taken, and Petitioner's judgment became final on June 2, 2014. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."). A little more than one year later, on July 10, 2015, Petitioner requested a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines [Docs. 38]. The United States responded in opposition [Doc. 40].

Petitioner filed the current § 2255 motion on January 19, 2016, attempting to extend the Supreme Court's reasoning in *Johnson* to challenge her 53-month sentence [Doc. 42 p. 4]. Specifically, she claims that her "escape [convictions no longer] qualify as a crime[s] [of

2

violence] under the 'residual clause' and, as a result, that she "no longer has the [three] 'predicate' convictions [required] for imposition of [her] sentence under the ACCA" [*Id.* at 4].

II. ANALYSIS

Petitioner's argument that she no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because her PSR conclusively demonstrates that she was never subjected to any of these provisions [PSR ¶¶ 13–14, 60, 74; Docs. 24, 27, 31].[1]

To the extent Petitioner challenges the propriety of her enhanced base offense level under Sections 2L2.1(c) and 2D1.1(b), the argument fails as a matter of law. Unlike the ACCA, Section 4B1.2, and Section 2K2.1(a), 2L2.1(c) and 2D1.1(b) do not contain a residual provision. Because the clause deemed unconstitutionally vague in *Johnson* bears no relation to the provisions under which her range was calculated, that decision cannot justify the requested relief.

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

3

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 42] will be **DISMISSED WITH PREJUDICE**. Her motions for leave to proceed *in forma pauperis* and immediate release [Docs. 43, 44] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE

4

Case 4:13-cr-00031-HSM-CHS   Document 50   Filed 10/19/16   Page 4 of 4   PageID #: 196